## TOWNSHIP OF AROMA *v.* AUDITOR OF PUBLIC ACCOUNTS and others.

*(Circuit Court, N. D. Illinois.* February 14, 1880.)

REMOVAL—NECESSARY PARTIES—STATE AND COUNTY OFFICERS—TOWN-SHIP BONDS.—State and county officers merely authorized to levy, collect and disburse the taxes required to pay certain bonds, are not necessary parties to a controversy, between citizens of different states, as to the validity of said bonds.

Motion to remand.

BLODGETT, D. J.   This is a motion to remand this case to the circuit court of Kankakee county, from which it was removed, on the petition of defendants the Portsmouth Savings Bank, and the Appleton National Bank.

The cause is a bill in equity, filed by the complainant, one of the townships of Kankakee county, against the auditor of public accounts of this state, the treasurer of this state, the county clerk and county treasurer of Kankakee county, the Portsmouth Savings Bank, of Portsmouth, New Hampshire, the Appleton National Bank, of Lowell, Massachusetts, and several other persons who are alleged to be residents of Lowell, Massachusetts.

The bill charges that, under the pretended authority of certain acts of the legislature of Illinois, said town issued its bonds to the amount of $36,500, to aid in the construction of a railroad, which the Kankakee & Indiana Railroad Company, a corporation constituted by the laws of said state, was authorized to construct and maintain.

The bill also charges that by reason of certain irregularities, and for alleged want of power in said town, said bonds were void, and do not constitute a legal and binding indebtedness against the town; that said bonds have been registered with the auditor of public accounts of this state, in pursuance of the act approved April 16, 1869, entitled "An act to fund and provide for paying the railroad debts of counties," etc.; that defendant Portsmouth Savings Bank owns 15 of said bonds, of $1,000 each, and that the other defendants named, except the state and county officers, are owners of certain of said bonds.

The bill then prays that the auditor be restrained from certifying to the county clerk the amount of tax necessary to be levied to pay said bonds, or any part thereof; the county clerk from extending, the county treasurer from collecting, and the state treasurer from paying over to the holders of said bonds, or the coupons cut therefrom, any sum of money whatever, either as principal or interest, on said bonds; and also asks that the bonds be declared void, and their collection perpetually enjoined. Bill filed April 19, 1879. Summons issued April 24th, returnable third Tuesday of September, 1879, of Kankakee circuit court. August 2d, bill amended by leave of court in vacation.

September 5th, defendants Portland Saving Bank and Appleton National Bank appeared and filed petition setting forth that defendants are owners of part of the bonds which said bill sought to have set aside and held for naught; that the petitioners are citizens, one of the state of New Hampshire, and the other of the state of Massachusetts, and that complainant is a citizen of Illinois; that said suit involves a controversy wholly between complainant and petitioners, as holders of said bonds, concerning the validity of said bonds, and that the matter involved in said controversy exceeded $500, and prayed that said cause be removed to this court for trial. Circuit court of Kankakee county ordered same removed.

Complainant now moves to remand, on the ground that

state and county officers, who are made parties defendant, are necessary parties, and such officers are citizens of this state, invoking the well known rule that all the parties to the controversy must be entitled to remove the cause, or a removal should not be allowed.

It is manifest, from the allegations in this bill, that the sole controversy in this case is as to the validity of these bonds, and this is and can be only a controversy between complainant and the holders of the bonds.

If the bonds are a valid obligation of the town, the law prescribes the duty of the state and county officers in the matter of certifying, levying, collecting, and paying over a sufficient tax to pay the bonds, or the interest on them, as they mature. These officers have really nothing to do with this controversy further than to levy, collect and disburse the taxes required to pay the bonds, so that the controversy inaugurated by this bill is solely between the town and the bond holders.

If complainant had not made the holders of these bonds parties to his bill, there is no doubt that the court would have allowed them to make themselves parties on their own motion, and defend, and the contest would have been and can be only as to whether these bonds are a valid indebtedness against complainant.

True, the frame of complainant's bill makes it necessary to make these state and county officers parties, but they are indifferent as to the result. The struggle interests only the town and these bond holders.

I therefore think the case was rightfully removed.

Motion to remand overruled.